UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

    Plaintiff

v.                                      Case No. 3:15cr1/MCR

AARON EVANS WILLIAMS

    Defendant
_____/

### PRELIMINARY ORDER OF FORFEITURE

    This matter is before the Court on the government's Motion for a Preliminary Order of Forfeiture.  In light of the guilty plea entered into by **AARON EVANS WILLIAMS** on the charge of possessing a firearm and ammunition, in violation of Title 18 United States Code, Section 922(g)(1), the government's Motion is due to be granted.

    Accordingly, it is hereby **ORDERED** that the following property is subject to forfeiture:

    A.    Ruger P95 Pistol, CAL: 9, SN: Obliterated; and

    B.    11 Rounds Federal ammunition CAL: 9.

    It is further **ORDERED** that the United States shall publish notice of the order and its intent to dispose of the property in such a manner as the Attorney General (or a designee) or the Secretary of the Treasury (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the above-described real property.

    It is further **ORDERED** that any person, other than the above-named defendant, asserting a legal interest in the above-described real property may, within thirty days of the Final Publication of Notice or Receipt of Notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the Order of Forfeiture, pursuant to Title 18, United

States Code, Section 982(b)(1), which incorporates Title 21, United States Code, Section 853(n).

It is further **ORDERED** that pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, or before sentencing if the defendant consents, and shall be made part of the sentence and included in the judgment.

It is further **ORDERED** that any petition filed by a third party asserting an interest in the Subject Property shall be signed by petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, the title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

It is further **ORDERED** that after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

It is further **ORDERED** that the United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Title 21, United States Code, Section 853(n)(2) (which is incorporated by Title 18, United States Code, Section 982(b)) for the filing of third party petitions.

It is further **ORDERED** that the Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**SO ORDERED** this 20th day of May, 2015.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

Case No. 3:15cr1/MCR